UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AMERICAN FEDERATION OF
STATE, COUNTY AND
MUNICIPAL EMPLOYEES
FLORIDA COUNCIL 79,

    Petitioner,

v.                                          Case No. 3:19-cv-1091-J-32MCR

GCA SERVICES GROUP, INC,

    Respondent.

_____

## ORDER

This case is before the Court on Petitioner's Motion to Confirm Arbitration Award (Doc. 1). On September 30, 2020, the assigned United States Magistrate Judge issued a Report and Recommendation (Doc. 17) recommending that the Petition be granted to the extent that it seeks remand and otherwise denied in all respects, and that this matter be remanded to the arbitrator for clarification of the arbitration award. No party has filed an objection to the Report and Recommendation, and the time in which to do so has passed. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); M.D. Fla. R. 6.02(a). Upon de novo review of the file and for the reasons stated in the Report and Recommendation (Doc. 17), it is hereby

**ORDERED:**

1. The Report and Recommendation of the Magistrate Judge (Doc. 17) is **ADOPTED** as the opinion of the Court.

2. Petitioner's Petition to Confirm Arbitration Award (Doc. 1) is **GRANTED** to the extent that it seeks remand and **DENIED** in all other respects.

3. This matter is **REMANDED** to Arbitrator John R. Lee for clarification of the arbitration award. The Arbitrator is directed to the Report and Recommendation, attached hereto, for guidance as to the issue on remand.

**DONE AND ORDERED** in Jacksonville, Florida the 27th day of October, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

tnm

Attachment: Report and Recommendation

Copies to:

Honorable Joel B. Toomey
United States Magistrate Judge

Counsel of record

2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AMERICAN FEDERATION
OF STATE, COUNTY AND
MUNICIPAL EMPLOYEES
("AFSCME") FLORIDA
COUNCIL 79, AFL-CIO,

      Petitioner,

v.                                                                    CASE NO. 3:19-cv-1091-J-32MCR

GCA SERVICES GROUP, INC.,

      Respondent.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Petitioner's Petition to Confirm Arbitration Award ("Petition") (Doc. 1), Respondent's Response thereto (Doc. 11), Petitioner's Brief in Support of the Petition (Doc. 15), and Respondent's Brief in Support of Denying the Petition (Doc. 14). The Petition was referred to the undersigned for a report and recommendation regarding an appropriate resolution. (Doc. 16.)

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

At bottom, the parties disagree on the meaning of the arbitration award at issue. In the alternative to confirming the award, Petitioner requests that the Court remand the matter to the arbitrator for clarification if the Court finds that the award is ambiguous. The undersigned recommends that the award is ambiguous and requires clarification from the arbitrator. Thus, for the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Petition be **GRANTED** only to the extent that it seeks remand and **DENIED** in all other respects, and that this matter be remanded to the arbitrator for clarification of the arbitration award.

I.     Background

Petitioner is a union that represents custodial workers for Duval County Public Schools ("DCPS") who are employed by Respondent. (Doc. 1 at 2.) The parties entered into a Collective Bargaining Agreement ("CBA") (Doc. 1-1) that set starting pay rates for custodians. (*Id.* at 41; Doc. 14-2 at 2.) The CBA also required that any raises approved by DCPS be passed through to the custodians employed by Respondent. (Doc. 1-1 at 43.) Respondent passed the subject raises on to its current employees, but it did not apply those raises to the starting rates of pay set forth in the CBA. (Doc. 14 at 4.) Petitioner filed a grievance arguing that the raises must be applied to starting pay rates, and the matter proceeded to arbitration as required by the CBA. (Doc. 1 at 2; Doc. 1-2.)

Arbitrator John R. Lee was asked to determine whether the CBA requires Respondent to apply the subject raises to starting pay rates. (Doc. 1-2 at 101.) The arbitrator's award does not directly address the issue. (*See id.* at 104.) As a

2

result, Respondent has not adjusted its employees' pay to reflect raises in starting pay rates because it does not believe that the award requires it to do so. (Doc. 14 at 4.) Petitioner believes the award requires that adjustment. (Doc. 15 at 2–3.)

Petitioner now moves to confirm the award and asks the Court to "direct Respondent to make the pay adjustments as required by the Award." (Doc. 1; Doc. 15 at 10.) Alternatively, if the Court finds that the award is ambiguous, Petitioner requests that this matter be remanded to the arbitrator for clarification. (Doc. 1 at 3; Doc. 15 at 9–10.) Respondent argues that it is in compliance with the award and, alternatively, if the award is interpreted in Petitioner's favor, it should be vacated because the arbitrator exceeded his authority. (Doc. 14.)

## II. Applicable Law

As the Eleventh Circuit has stated:

> At the outset it is appropriate to recognize that the decision for which the parties bargained and the one to which they are entitled is that of the arbitrator. Neither the notions of the district court nor of this court as to the appropriate resolution of [the subject] grievance are of relevance. It is impermissible for courts to usurp the functions of the arbitrator by reviewing the merits of the award or construing its meaning.
>
> . . .
>
> We have recognized that when terminology in an arbitrator's award can be interpreted in a variety of ways the normal course of action is for the district court to remand the matter to the original arbitrator for clarification. . . . Even under other circumstances we have required return of the case to the arbitrator when necessary to assure that the parties were getting the

3

> informed decision of the arbitrator for which they had bargained.

*Am. Fed. of State, Cty. and Municipal Emps. Local Lodge No. 1803 v. Walker Cty. Med. Ctr., Inc.*, 715 F.2d 1517, 1518–19 (11th Cir. 1983) (quotations omitted). *See also Bakery, Confectionery and Tobacco Workers Local Union No. 362-T, AFL-CIO-CLC v. Brown and Williamson Tobacco Corp.*, 971 F.2d 652, 655 (11th Cir. 1992) ("It is the duty of the arbitrator, and not the district court, to interpret the contractual language of an agreement.").

### III. Analysis

Article 17 of the CBA, titled "Wages," states in relevant part:

> 2. Wage rates for the specified classifications shall be set forth in Appendix B and attached hereto as part of this Agreement.
>
> 3. Employees hired after the ratification date of this Agreement or annual wage reopener (as applicable) shall be hired at the starting rate for the particular Agreement contract year, as set forth within Appendix B. The starting rate will change with each year of this Agreement and will be the lowest salary in each classification. Appendix B will be updated each contract year of this Agreement to reflect the current wage rates for each classification and will remain attached to this Agreement as updated.
>
> . . .
>
> 7. Any wage increase granted by Duval County School Board to the Employer shall be passed along to the Employees within thirty (30) days as soon as all the wage increase requirements / stipulations have been satisfied, which includes but is not limited to the School Board, Accounting Department, and a signed Collective Bargaining Agreement or Memorandum of

> Understanding (depending on the year in which any wage increase is granted by the Duval County School Board).

(Doc. 1-1 at 41–43.)

The issue jointly submitted by the parties to the arbitrator was as follows:

> Whether or not GCA Service Group, Inc., violated the collective bargaining agreement by failing to apply raises approved by the Duval County School Board to the starting wage rate for custodians?

(Doc. 1-2 at 101.)

The relevant portion of the arbitrator's award is as follows:

> All Terms and conditions, as set forth in Article 17, Wages, of the above stated agreement, shall be unconditionally implemented, except where otherwise stated therein, and appropriate adjustments made to all affected employees that were in such subject capacities during the decision time period.

(*Id.* at 104.)

The undersigned recommends that the award is ambiguous and that this matter should be remanded to the arbitrator for clarification of the award.[2] As set forth above, the question presented to the arbitrator required him to determine whether Article 17 of the CBA requires Respondent to apply the subject pay raises to starting rates of pay. (*Id.* at 101.) The award does not unambiguously answer this question. (*Id.* at 104.)

---

[2] Because remand is recommended, the undersigned does not address the parties' arguments regarding confirmation and vacatur of the award.

5

As evidenced by the parties' arguments, the ambiguous language of the award can be interpreted in different ways. For example, Petitioner argues that the inclusion of language requiring appropriate adjustments to employees' pay implies that adjustments are necessary because the subject raises should have been applied to starting pay rates. (Doc. 15 at 4–5.) However, Respondent argues that the award merely requires compliance with the terms and conditions of Article 17, which does not require the subject raises to apply to starting rates of pay. (Doc. 14 at 4.) Thus, Respondent contends that no adjustments are "appropriate" because it is in compliance with Article 17. (*Id.*)

As set forth above, only the arbitrator can interpret the CBA and the arbitration award. Because the award is ambiguous and subject to multiple interpretations, the undersigned recommends that this matter be remanded to the arbitrator to clarify the award. *See Am. Fed. of State, Cty. and Municipal Emps. Local Lodge No. 1803*, 715 F.2d at 1518–19; *Bakery, Confectionery and Tobacco Workers Local Union No. 362-T, AFL-CIO-CLC*, 971 F.2d at 655.

## IV. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1.  The Petition (**Doc. 1**) be **GRANTED** only to the extent that it seeks remand and **DENIED** in all other respects.[3]

---

[3] Although the Petition seeks attorneys' fees, it provides no basis for such an award. (*See* Doc. 1 at 3.) Moreover, Petitioner's Brief is silent regarding that request. (*See* Doc. 15.) Thus, the undersigned recommends that attorneys' fees should not be awarded.

2.     This matter be **REMANDED** to Arbitrator John R. Lee for clarification of the arbitration award.

**DONE AND ENTERED** in Jacksonville, Florida, on September 30, 2020.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record